# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Andrew Nikhil Aiyar<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 8:25-MJ-3477-AEP<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __November 10, 2025__ in the county of __Hillsborough__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 875(c) | Threats to injure |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

*Brandon Terry*
Complainant's signature

FBI Special Agent Brandon Terry
Printed name and title

Sworn to before me over the telephone or other reliable electronic means and signed by me pursuant to Fed. R. Crim. P. 4.1 and 4(d).

Date: 11/13/25

Judge's signature

City and state: Tampa, FL          Anthony E. Porcelli, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Brandon Terry, being duly sworn, declare and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent ("SA") with the Federal Bureau of Investigation ("FBI"), where I have served since June 06, 2021. I am currently assigned to the FBI's Tampa Field Office, located in Tampa, Florida. My official duties include, but are not limited to, the investigation of domestic terrorism and related crimes as a member of the Joint Terrorism Task Force ("JTTF"). As a Special Agent, I am a federal law-enforcement officer under applicable provisions of the United States Code and the Federal Rules of Criminal Procedure. I have received training in and have experience in the enforcement of the laws of the United States, including laws related to threats, domestic terrorism, and, among others, conspiracies that involve the use of violence against people and property. Additionally, I have received training in and have experience in making arrests and conducting searches, including searches involving computers, cellular telephones, and other data-storage devices. I have completed hundreds of hours of training in numerous areas of law enforcement investigations and techniques. In the course of my employment as a Special Agent with the FBI, I have received training regarding the application for and execution of both search and arrest warrants. I have received training in assessing and managing individuals who have communicated threats and engaged in behaviors associated with targeted violence. In my current assignment, I have participated in and conducted

1

investigations involving several different violations of federal law, including threatening communications.

2. I am a "federal law enforcement officer" within the meaning of Rule 41(a)(2)(C) of the Federal Rules of Criminal Procedure. I am engaged in enforcing federal criminal laws and I am authorized by the Attorney General to request an arrest warrant, among other things, for violations of the laws of the United States.

3. This affidavit is made in support of an application for a criminal complaint and arrest warrant for Andrew Nikhil Aiyar ("AIYAR") for a violation of 18 U.S.C. § 875(c), transmission of interstate threats.

4. The statements contained in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, intelligence analysts, and witnesses. This affidavit is intended to show only that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. I submit only those facts believed to be relevant to the determination of probable cause, and this affidavit should not be construed as a complete statement of all the facts of this investigation. The dates, times, and amounts discussed herein are approximate. Moreover, where the content of records and the actions, statements, and conversations of others are described, they are described in sum and substance and in part, except where otherwise indicated.

## STATUTORY AUTHORITY

5. Title 18, United States Code, Section 875(c) prohibits a person from "transmit[ing] in interstate or foreign commerce any communication containing any threat to kidnap any person or any threat to injure the person of another."

## PROBABLE CAUSE

6. On November 10, 2025, FBI West Palm Beach Resident Agency received information via email from a private security group that X user @AiyarAndre6703 made threatening comments via X towards their client, VICTIM 1[1].

7. Within the email we received screen captures of the posts from X user @AiyarAndre6703. One of the X posts made by @AiyarAndre6703 reads "@[VICTIM 1] When I get done hacking you to death with a meat cleaver I will turn myself in as a hero." The screen capture of the post is depicted below:



---

[1] VICTIM 1's identity is known to your affiant.

3

8. Also, within the email the private security group provided a possible identification of the X user @AiyarAndre6703 as AIYAR, along with a date of birth, telephone number and address in Tampa, Florida. The FBI conducted a database search and identified AIYAR matching the information provided.

9. The information obtained from X, Corp. relating to the @AiyarAndre6703 X Account revealed:

    Email address: aa10@usf.edu

    Account display name: Andrew A.

    Phone number: 208-392-XXXX

10. On or about November 10, 2025, federal agents interviewed AIYAR near his residence in Temple Terrace, Florida, which is in the Middle District of Florida. During the interview, AIYAR stated that he is the user of the X account @AiyarAndre6703 and that he made the above referenced X post towards VICTIM 1.

11. On November 12, 2025, federal agents interviewed VICTIM 1, who lives in a state other than Florida. During the interview VICTIM 1 stated that she was the only user of the X account for the intended threat. VICTIM 1 confirmed that the aforementioned threat made by AIYAR via X was the same threat she received. VICTIM 1 perceived the threat as a true threat against her life and then took steps with her private security team to ensure her and her family's safety, including always having a security team with her.

12. From my training and experience, I know that 18 U.S.C. § 875(c) prohibits the transmitting in interstate or foreign commerce any communication containing any threat to injure the person of another. I also know that to not infringe on the First Amendment, the threat must be a "true threat," which is a serious threat—not idle talk, a careless remark, or something said jokingly—that is made under circumstance that would place a reasonable person in fear of being injured or in fear of another person being injured. The First Amendment demands a subjective mental-state of at least recklessness.

13. Based on my training, experience, and knowledge of the investigation, I have probable cause to believe that AIYAR's posts made true threats, in violation of 18 U.S.C. § 875(c). I have probable cause to believe that AIYAR acted at least recklessly and was aware that others could regard his statements as threatening violence when he posted on X, and his statements would place a reasonable person in fear of being injured, or in fear of another person being injured.

## **CONCLUSION**

14. Based on the foregoing information, I respectfully submit that probable cause exists to believe that Andrew Nikhil AIYAR knowingly transmitted in interstate commerce a true threat to injure the person of another, in violation of 18 U.S.C. § 875(c), transmission of interstate threats. Accordingly, I request issuance of the proposed complaint and arrest warrant.

*Brandon Terry*
_____
Brandon Terry, Special Agent
Federal Bureau of Investigations

Affidavit submitted to me by reliable electronic means and attested to me as true and accurate by telephone or other reliable electronic means consistent with Fed. R. Crim. P. 4.1 and 4(d) before me this __13__ day of November, 2025.

_____
HONORABLE ANTHONY E. PORCELLI
United States Magistrate Judge
Middle District of Florida